IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAKOTA OLIPHANT,<br>*on behalf of himself and others similarly situated,*<br>　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>SPRINT CORPORATION, a Kansas Corporation,<br><br>and<br><br>SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) **CASE NO. _____**<br>)<br>) **COMPLAINT AND DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### **Collective Action under the Fair Labor Standards Act**

**COMES NOW,** Dakota Oliphant on behalf of himself and all others similarly situated, by and through his attorneys Aimee L. Lowe and William B. Zastera and brings this action against Defendant, Sprint Corporation, and for damage and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §16(b) on behalf of all person working as Operations Specialists, or other similarly situated employees of the Defendant, being paid an hourly rate for the past three years for failing to properly pay regular and overtime compensation. The following allegations are based on personal knowledge as to Plaintiff's conduct and are made on information and belief as to the acts of others.

### **JURISDICTION AND VENUE**

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

2.     Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §1391 because Defendant operates a place of business in Nebraska, does business in this district, and because a substantial part of the events giving rise to the claims occurred in this district, Iowa and Minnesota.

**PARTIES**

3.     Defendant, Sprint Corporation ("Sprint") operates its headquarters in Overland Park, Kansas. It is a Kansas Corporation registered to do business, and in good standing in the state of Kansas. Defendant's registered agent is the Corporation Service Company located at 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas.

4.     Defendant, Sprint/United Management Company operates its headquarters in Overland Park, Kansas. It is a Kansas Corporation registered to do business, and in good standing, in the State of Kansas and is registered to do business in Nebraska. Defendant's registered agent in the State of Nebraska is The Prentice-Hall Corporation System, Inc., 233 South 13th Street, Suite 1900, Lincoln, NE 68508.

5.     Defendants Sprint Corporation and Sprint/United Management Company are joint employers (hereafter collectively referred to as "Sprint") of the Plaintiff and those similarly situation under the FLSA. Both of these entities in one aspect or another had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records.

6.     Sprint is engaged in interstate commerce by, among other things, selling and providing wireless communication services to persons and business throughout the United States.

7.      Upon information and belief, Sprint's gross annual sales made, or business done has been $500,000 per year or greater at all relevant times.

8.      Sprint is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(d).

9.      Plaintiff, Dakota Oliphant, is an adult resident of the state of Nebraska who currently resides in Elkhorn, Nebraska. Plaintiff worked for Sprint as an Operations Specialist from on or about August 2017 through on or about April 1, 2018 at Sprint's location at Shadow Lake Towne Center in Papillion, Nebraska.   Numerous other employees worked with the Plaintiff at this location and other locations within Nebraska, Iowa and Minnesota, which make up a designated region by Sprint.

10.     Plaintiff and other similarly situated are current or former "employees" of Sprint within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

11.     Plaintiff and other similarly situated have been employed by Sprint within two to three years prior to the filing of this lawsuit. See 29 U.S.C. §255(a).

12.     Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. §216(b).

13.     Plaintiff and others similarly situated are individuals who were, or are, employed by Sprint as Operation Specialists, or as hourly employees with similar job duties, throughout the designated region during the applicable statutory periods.

14.     In addition to Papillion, Nebraska, Sprint employs Operation Specialists or hourly employees with similar job duties at other offices located in Nebraska, Iowa and Minnesota.

## FACTUAL ALLEGATIONS

15.     Plaintiff and others similarly situated worked as employees for Sprint.

16.     Sprint is a telecommunications company that, among other things, sells and provides wireless communication services to customers including individuals and businesses.

17.    Plaintiff and others similarly situated had or have the primary duty of servicing wireless communication equipment for individuals and small businesses.

18.    The FLSA requires covered employers, such as Sprint, to compensate all non-exempt employees for hours worked and no less than one and one-half times the regular rate of pay for work performed more than forty (40) hours per workweek. When calculating the rate of pay, it shall include all nondiscretionary compensation.

19.    Sprint classified Plaintiff and all others similarly situated at all its office locations as nonexempt employees who are eligible for overtime pay under the FLSA. Regardless the Plaintiff's, and others similarly situated, primary job duties entitle them to overtime pay under the FLSA and for full compensation for hours worked.

20.    Sprint provided centralized human resource, timekeeping, and payroll services for Plaintiff and others similarly situated at its offices located in Overland Park, Kansas, Georgia, Florida and Kentucky.

21.    However, regardless of location, Plaintiff and other similarly situated, routinely worked in excess of forty hours per workweek during their employment with Sprint without receiving overtime compensation or their full compensation for hours worked as required under the FLSA.

22.    Under its policy/practice, Sprint failed to properly pay the Plaintiff and others similarly situated overtime pay for work performed in excess of forty hours per week and their full compensation for hours worked.  Instead, and as policy/practice, Sprint would routinely require Plaintiff and other similarly situated to report forty hours per work week on its time keeping systems, or Sprint would simply report these hours on their behalf in the same system and would routinely under report hours actually worked.

23.    Sprint had both actual and constructive knowledge that Plaintiff and other similarly situated were working in excess of the reported hours worked yet failed to properly

compensate them for this overtime pay or their regular pay for their actual hours worked, thus violating the FLSA.

24.     This illegal policy occurred through the weeks of Plaintiff's employment with Sprint as well as the weeks of other similarly situated employees who also routinely worked more than forty hours per workweek and routinely were underpaid for actual hours reported. On average, the Plaintiff Oliphant would work his assigned hours with overtime per week, but due to Sprint's policy/practice, was only being paid for forty hours if his work time included overtime and was not receiving any overtime pay for hours worked more than forty (40) hours per workweek. Plaintiff's co-employees at the Nebraska; Iowa and Minnesota offices were subject to this similar policy/practice.

25.     Sprint was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of overtime compensation and full compensation for hours worked.

26.     Sprint's conduct was willful and in bad faith.

27.     Regardless of location, Sprint routinely suffered and permitted Plaintiff and others similarly situated to work more than forty (40) hours per week and did not correctly pay them the overtime compensation that they were due, nor did they pay them for their actual hours worked.

28.     Upon information and belief, Sprint did not keep accurate records of these hours worked by Plaintiffs and other similarly situated as required by law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff, on behalf of himself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

30.     Plaintiffs files this action of himself and all individuals similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as an Operations Specialist as hourly employees (or persons with similar job duties) for Sprint within three years prior to the filing of

this Complaint Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 261(b).  Plaintiff's signed consent form is attached as Exhibit A.

31.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked nor full compensation for hours actually worked.

32.     Sprint failed to preserve records relating to these hours worked as required by 29 C.F.R. §516.2.

33.     Plaintiff and the FLSA Collective are victims of Sprint's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. §201 et seq., and that have caused significant damage to Plaintiff and the FLSA Collective.

34.     Sprint willing engaged in a pattern of violating the FLSA, 29 U.S.C. §201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation, nor for actual hours worked.  Sprint's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

35.     Sprint is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated, and, as such, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Sprint who have suffered from Sprint's common policies and plan of failing to pay for overtime hours work or actual hours worked, and who would benefit from the issuance of a Court-suprvised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Sprint and are readily identifiable through Sprint's records.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
### The Fair Labor Standard Act, 29 U.S.C. § 201 et seq.
### *On Behalf of Plaintiff and Those Similarly Situated*

36.     Plaintiff, on behalf of himself and other similarly situated reallege and incorporate the preceding paragraphs by reference as if sully set forth herein.

37.     The FLSA, 29 U.S.C. §207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

38.     Sprint suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

39.     Sprint's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

40.     Sprint knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

41.     As the direct and proximate result of Sprint's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

42.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Sprint has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §201, *et. seq.*

43.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a) as Sprint knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

### COUNT II –Failure to pay compensation for hours actually worked

44.     For brevity herein, the Plaintiff re-alleges paragraphs 1-35.

45.     The Plaintiff was an hourly employee and was not compensated for hours actually worked in after turning in his time the defendant would adjust the hours worked down on a regular basis to avoid overtime and regular time.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and other similarly situated, pray for relief as follows:

a.     Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA clams in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b.     Judgment against Sprint finding it failed to pay Plaintiff and those similarly situated overtime and regular pay as required under the FLSA;

c.     Judgment against Sprint for Plaintiff and those similarly situated for unpaid back wages, and back wages at the applicable overtime rates;

d.     An amount equal to their damages as liquidated damages;

e.     A finding that Sprint's violations of the FLSA are willful;

f.     All costs and attorneys' fees incurred prosecuting this claim;

g.     An award of prejudgment interest (to the extent liquidated damages are not awarded;

h.     Leave to add additional plaintiff by motion, the filing of consent forms, or any other method approved by the Court;

i.     Leave to amend to add additional state law claims; and

j.     All further relief as the Court deems just and equitable.

## DEMAND FOR JURY

The Plaintiff in the above captioned matter hereby demand a jury for all claims set forth herein.

## LOCATION OF TRIAL

The Plaintiff hereby states the location of the trial in this matter should be Omaha, Nebraska.

DAKOTA OLIPHANT, Plaintiff

/s/ William B. Zastera
William B. Zastera, NE #14658
Aimee L. Lowe, NE #23710
VANDENACK WEAVER LLC
17007 Marcy Street, Suite 3
Omaha, Nebraska 68118
Telephone: 402.504.1300
Fax: 402.504.1935
wzastera@vwattys.com
alowe@vwattys.com
Attorneys for Plaintiff

STATE OF NEBRASKA   )
                    )ss.
COUNTY OF DOUGLAS )

DAKOTA OLIPHANT, being first sworn upon oath, deposes and states that he is the Plaintiff in the above and foregoing cause of action, has read the above Complaint, knows the allegations therein and that the same are true as he positively believes.

Dakota Oliphant, Plaintiff

SUBSCRIBED AND SWORN TO before me this 15 day of July, 2018 by Dakota Oliphant.

Notary Public

GENERAL NOTARY - State of Nebraska
WILLIAM B ZASTERA
My Comm. Exp. February 22, 2022

00472295-7