# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAKOTA OLIPHANT, on behalf of himself and others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT CORPORATION, a Kansas Corporation; and SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation;<br><br>Defendants. | 8:18CV353<br><br>POST-CONDITIONAL CERTIFICATION DISCOVERY PLAN AND CASE PROGRESSION ORDER |

In accordance with the parties' proposed post-conditional certification discovery plan and case progression schedule submitted to the Court,

**IT IS ORDERED**:

1. **Representative Plaintiffs and Alternates.**

    a. Plaintiffs and Sprint will select a total of 20 opt-in Plaintiffs to serve, along with the named Plaintiff, as representative Plaintiffs for purposes of discovery and trial (the "Representative Plaintiffs").

    b. Plaintiffs and Sprint will select the Representative Plaintiffs in the following order: Plaintiffs will identify five Representative Plaintiffs, Sprint will then identify the next set of five Representative Plaintiffs, Plaintiffs will identify the third set of Representative Plaintiffs, and Sprint will select the final set of five Representative Plaintiffs.

    c. Should any Representative Plaintiff fail to respond to written discovery or appear for a deposition, the party that selected that particular Representative Plaintiff will select another individual to take the non-responsive Plaintiff's place as a Representative Plaintiff.

    d. Sprint reserves the right to move for the dismissal of any Plaintiff who fails to respond to written discovery or to appear for a deposition from this lawsuit with prejudice.

2. **Written Discovery.** Sprint may serve written discovery on only the Named Plaintiff and the Representative Plaintiffs and shall be limited to 20 interrogatories and 20 document requests per Representative Plaintiff. If a Plaintiff does not respond to written discovery within a reasonable time, then an alternate will be selected to respond to written discovery.

3. **Depositions.** Sprint may take the depositions of any of the Representative Plaintiffs. The parties will work together to select convenient times and locations for the depositions.

4. **Additional Witnesses.** This stipulation does not limit either party from identifying additional witnesses who are not opt-in Plaintiffs (e.g., supervisors, managers, and other corporate witnesses) to provide testimony for dispositive motions, class certification, decertification, or trial, etc. However, no witness may be identified to testify at trial who was not first disclosed during discovery with sufficient time for the non-disclosing party to conduct discovery regarding that witness and to depose that witness.

5. **Final Certification and Trial.** Sprint reserves the right to oppose Plaintiffs' anticipated motion for final certification of the opt-in FLSA collective. In the event that the Court finally certifies the opt-in FLSA collective, the parties agree that the testimony and written discovery relating to any Representative Plaintiffs selected under this agreement are representative of non-testifying members of the FLSA opt-in class for purposes of trial and, accordingly, that no opt-in Plaintiffs who are not identified as Representative Plaintiffs may testify at trial. Nothing in this agreement requires either party to call all, or any, of the Representative Plaintiffs as witnesses at trial.

6. **Discovery Deadline:** This additional discovery shall be completed on or before **June 1, 2020**.

7. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **June 15, 2020**. **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.[1]

8. Sprint agrees to supplement all discovery previously served upon them on the entry of a protective order.

---

[1] See the Nebraska magistrate judges' practices posted at the court's Civil Case Management website page.

9. **Expert Deadline:** The parties shall disclose any experts pursuant to Fed. R. Civ. P. 26(a)(2) and produce any expert reports according to the following timeline:

    a. Plaintiffs: Identification and Report by **March 2, 2020.**

    b. Sprint: Identification and Report by **April 1, 2020.**

    c. All expert-related discovery to be completed by **June 1, 2020**.

10. **Dispositive Motions/Final Certification:** The deadline to file dispositive motions and motions concerning the final certification of the FLSA collective is **August 3, 2020**.

11. The parties shall contact the chambers of the undersigned magistrate judge within 7-days after the Court enters rulings on any dispositive motions and Plaintiff's anticipated motion for final certification of the FLSA collective to schedule a telephone conference to discuss the status of the case and scheduling of the case to trial.

Dated this 23rd day of August, 2019.

BY THE COURT:

Michael D. Nelson
United States Magistrate Judge