# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAKOTA OLIPHANT, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff | ) ) ) | 8:18CV353 |
| vs. | ) ) | STIPULATED PROTECTIVE ORDER AND FRE 502(D) AND (E) |
| SPRINT CORPORATION, a Kansas Corporation and SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation, | ) ) ) ) ) | CLAWBACK AGREEMENT |
| Defendants. | ) ) | |

Plaintiff Dakota Oliphant, on behalf of himself and all others similarly situated ("Plaintiff"), and Defendants Sprint Corporation and Sprint/United Management Company ("Defendants") (collectively, "Parties") hereby stipulate to the entry of the following Protective Order pursuant to Federal Rules of Civil Procedure. The parties agree that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Protective Order may cause unnecessary damage and injury to the parties and to others, and therefore good cause exists to limit disclosure of this information.

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

   **1. DEFINITIONS**

   a. <u>Party</u>: any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, in-house and outside counsel (and their support staff).

   b. <u>Disclosures or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things,

testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    c. <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either Party or any third parties. Further, Confidential Information or Items is information or items for which disclosure is likely to have the effect of causing harm to either Party, or person from whom the information was obtained, or to the Parties' or third-parties' privacy. Confidential Information also includes private information pertaining to Defendant's employees, for which the Parties or any third party have a duty to maintain confidentiality.

    d. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

**2. SCOPE**

This Protective Order will be entered pursuant to FRCP Rule 26(c) and FRE Rule 502. The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal, directly or indirectly, Protected Material.

**3. DURATION**

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**4. DESIGNATING PROTECTED MATERIAL**

    a. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 4(a)(i) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**Designation in conformity with this Order requires**:

i. for **information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

In the event that a Party makes documents available for inspection, rather than delivering copies to another Party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting Party's selection of documents for copying, the Producing Party may mark the copies "CONFIDENTIAL," pursuant to this Order.

ii. for **testimony given in deposition or in other pretrial or trial proceedings**, that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty-one (21) days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days, as set forth above, shall be covered by the provisions of this Stipulated Protective Order. Until the passage of the 21 days following receipt of the official transcript, the entire transcript shall be treated as "CONFIDENTIAL" pursuant to this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party offering or sponsoring the witness or presenting the testimony.

iii. for **information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

b. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward. The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

**5. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a. <u>Timing of Challenges</u>. If the Receiving Party wishes to challenge the Confidentiality Designation of a particular document or information, it must do so by letter or email to Counsel for the Designating Party. Until agreement is reached between Parties as to a Confidentiality Designation or the Court rules on a judicial challenge to a Confidentiality Designation pursuant to the procedures set forth in this paragraph 5, the document shall be treated as "CONFIDENTIAL," pursuant to this Agreement.

b. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's Confidentiality Designation must do so in good faith and must confer directly (in voice-to-voice dialogue or via email or letter) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the Confidentiality Designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in

4

designation is offered, to explain the basis for the chosen Confidentiality Designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

        c.      <u>Judicial Intervention</u>. A challenging Party that elects to press a challenge to a Confidentiality Designation after considering the justification offered by the Designating Party shall, within fourteen (14) days after the Parties agree that the meet and confer process will not resolve their dispute, move the Court for an Order determining whether the item has been properly designated as confidential, identifying the challenged material and setting forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that (1) the movant has complied with the meet and confer requirements imposed in the preceding paragraph; (2) the material has been maintained as "CONFIDENTIAL" while the dispute is being resolved; and (3) sets forth with specificity the justification for the Confidentiality Designation that was given by the Designating Party during the meet and confer process.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's Confidentiality Designation.

      **6. ACCESS TO AND USE OF PROTECTED MATERIAL**

        a.      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this action has been terminated, a Receiving Party must comply with the provisions of Paragraph 10, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

  i. the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

  ii. the Parties (if an entity, this includes present and former officers, directors, agents and employees (including In-House Counsel));

  iii. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for litigating this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  iv. the Court and its personnel, subject to the procedures of Paragraph 9 below;

  v. court reporters, their staff, and Professional Vendors retained for litigating this action;

  vi. potential, anticipated or actual fact witnesses and their counsel to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

  vii. the author of the document or item so designated, or the original source of the information.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three (3) court days after

receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the individual or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the individual or entity in the other action that caused the subpoena or order to issue. Under no circumstances shall the Receiving Party produce "CONFIDENTIAL" materials absent a specific Order by the Court after an appropriate Motion to Quash and/or Compel has been filed.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. FILING PROTECTED MATERIAL

All documents containing "CONFIDENTIAL" information that are filed with the Court in this action shall, as permitted by the Court, be sealed and designated with the appropriate Confidentiality Designation, along with a notation that the contents are subject to a Protective Order and are not to be revealed except by further Order of the Court. A Party that seeks to file under seal any Protected Material must comply with all applicable local rules.

The Parties may agree that documents marked "CONFIDENTIAL" need not be filed under seal without waiving any of the other requirements associated with the designation

enumerated in this stipulation.

**10. FINAL DISPOSITION**

      a.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this litigation (including any appeals), each Receiving Party must either: (a) return all Protected Material to the Producing Party; (b) or destroy all Protected Material, as directed in writing by the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3, above.

      b.    If Protected Materials have been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Protected Materials (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a

manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

    c. The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Protected Materials to the extent such information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Protected Materials are not returned or destroyed due to the foregoing reasons, such Protected Material shall remain subject to the confidentiality obligations of this Order.

### 11. CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to, and the Court orders, the protection of privileged or otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    a. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

    b. The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    c. If, during the course of this action, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or other protection ("Protected Document"):

        i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise

protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding the foregoing, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially Protected Documents.

    ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described in the preceding paragraph, inform the Receiving Party in writing of such intention and shall provide the Receiving Party with a log of such Protected Documents that is consistent with the requirements of FRCP 26(b)(5), setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

   d. If, during the course of this action, a Party determines it has produced a Protected Document:

    i. The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such document(s). Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected

Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of FRCP 26(b)(5), setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

        ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described in the preceding paragraph, return, sequester, or destroy the Protected Document and any copies thereof, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

    e. To the extent that the information contained in a Protected Document has already been used or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c) and d above, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

    f. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

        i. The disclosure or production of the Protected Documents itself acts as a waiver of an applicable privilege or evidentiary protection;

ii. The disclosure of the Protected Documents was not inadvertent or deliberate;

iii. The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv. The Producing Party failed to take reasonable or timely steps to rectify the error.

g. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

i. Nothing contained herein is intended to, or shall serve to limit, a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including, without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

j. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

k. Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| Counsel for Plaintiff | **VANDENACK WEAVER LLC** |
| | By: s/ William B. Zastera |
| | William B. Zastera, NE #14658<br>VANDENACK WEAVER LLC<br>17007 Marcy Street, Suite 3<br>Omaha, Nebraska 68118<br>Telephone: 402.504.1300<br>Fax: 402.504.1935<br>wzastera@vwattys.com |
| | ATTORNEY FOR PLAINTIFF |
| Counsel for Defendants | **LITTLER MENDELSON P.C.** |
| | By: s/ John H. Lassetter |
| | John H. Lassetter (MN Bar No. 0389009)<br>(admitted *pro hac vice*)<br>jlassetter@littler.com<br>Alice D. Kirkland (MN Bar No. 0396554)<br>(admitted *pro hac vice*)<br>akirkland@littler.com<br>1300 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402.2136<br>Phone: 612.630.1000<br>Fax: 612.630.9626 |
| | ATTORNEYS FOR DEFENDANTS<br>SPRINT CORPORATION AND<br>SPRINT/UNITED MANAGEMENT<br>COMPANY |

**IT IS SO ORDERED.**

10/1/2019
**Date**

**THE HONORABLE MICHAEL D. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAKOTA OLIPHANT, on behalf of himself and others similarly situated, ) ) ) **Plaintiff** ) ) vs. ) ) SPRINT CORPORATION, a Kansas ) Corporation and SPRINT/UNITED ) MANAGEMENT COMPANY, a Kansas ) Corporation, ) ) **Defendants.** ) | 8:18CV353<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

I hereby acknowledge that I am about to receive Confidential Materials supplied in connection with the above captioned matter, Case No. 8:18-CV-00353-JMG-MDN. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in the above captioned matter. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to the Protective Order, except as provided therein or otherwise ordered by the Court. I further understand that I am to retain all copies of all Confidential Materials provided to me in a secure manner, and that all copies of such Confidential Materials are to remain in my personal custody until termination of my participation, whereupon the copies of such Confidential Materials will be returned to counsel who provided me with such Confidential Materials.

I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Date: _____  _____
(Signature)

Name: _____
(Typed or Printed)