IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAKOTA OLIPHANT, on behalf of himself and others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>SPRINT CORPORATION, a Kansas Corporation and SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation,<br><br>Defendants. | 8:18-CV-00353-JMG-MDN<br><br><br><br><br>JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND ENTRY OF JUDGMENT |

This Joint Motion for Approval of Settlement, for Dismissal of Claims with Prejudice, and for Entry of Judgment ( the "Motion") is made and entered into between named plaintiff Dakota Oliphant (the "Named Plaintiff"), on behalf of himself and the 70 individuals who filed consent to join this matter as party-plaintiffs pursuant to section 216(b) of the Fair Labor Standards Act (the "Opt-In Plaintiffs"), by and through their attorneys, Vandenack Weaver LLC ("Plaintiffs' Counsel"), on the one hand, and defendants Sprint Corporation and Sprint/United Management Company (collectively, "Sprint") by and through their attorneys, Littler Mendelson, P.C., on the other hand.

    **1.    Stipulated Recitals**

        a.    On July 24, 2018, Named Plaintiff filed his Collective Action Complaint in the above-captioned action ("the Action"), alleging that Sprint violated the overtime and minimum wage provisions of the FLSA on his own behalf and on behalf of all similarly situated employees. (ECF. No 1.) Named Plaintiff specifically alleged that Sprint violated the FLSA by failing to compensate

   him and other similarly situated retail employees employed by Sprint in Nebraska, Iowa and Minnesota for all hours worked.

b. On August 20, 2018, Sprint filed its Answer to the Collective Action Complaint, and denied Named Plaintiff's allegations. (ECF No. 7.)

c. Following the commencement of the Action, seventy-three additional individuals filed written consents to join the Action as party-plaintiffs, pursuant to 29 U.S.C. § 216(b). (ECF Nos. 36, 54-56, 59, 60, 63-78, 89, 93). Three of these individuals subsequently withdrew their consent to participate in the Action, leaving a total of seventy Opt-In Plaintiffs who will participate in the Settlement, if approved by the Court. (ECF Nos. 97, 110, 113).

d. The parties have engaged in written discovery and an informal exchange of additional information regarding the Named Plaintiff and the Opt-In Plaintiffs' claims, and other matters relevant to the claims alleged in the Action and Sprint's defenses.

e. The parties, through their counsel, are familiar with the facts of the Action and the legal issues raised by the pleadings. In consideration of the discovery record, and in advance of engaging in significant trial preparation activities, the parties engaged in settlement negotiations, including a full day mediation with an experienced mediator. The terms and conditions of settlement reflected in this Joint Motion are a product of those negotiations,

        which were conducted at arm's length between the parties and their respective counsel.

f.    The Parties' Settlement Agreement is attached to the Joint Index of Evidence filed with this Motion as **Exhibit A**. The Terms of the Settlement Agreement are fully incorporated in this Joint Motion and the defined terms utilized in the Settlement Agreement shall have the same meaning in this Joint Motion.

g.    Sprint denies any liability or wrongdoing of any kind associated with the claims alleged in the Action. Sprint contends that it has at all times complied with the FLSA and all other applicable wage and hour laws. Nevertheless, Sprint has entered into this Joint Motion to avoid the cost and inconvenience of further litigation.

h.    The Named Plaintiff and the Opt-in Plaintiffs have entered into this Joint Motion because the settlement reflects a fair and reasonable compromise of the disputed issues in the Action, chiefly, if and to what extent the Named Plaintiff and the Opt-in Plaintiffs are owed overtime and minimum wages and any liquidated damages. Specifically, the Settlement Amount equates to approximately one hour of off-the-clock work per workweek for each of the Settling Plaintiffs in the three-year statute of limitations and one and a half hours of off-the-clock work per workweek in the two-year statute of limitations.

i.    The Named Plaintiff and the Opt-in Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation. The

        Named Plaintiff, the Opt-in Plaintiffs, Sprint, and their respective counsel stipulate and agree that the terms and conditions of settlement set forth in this Joint Motion are fair, reasonable, and in the best interest of the Parties.

    j.    Nothing in this Joint Motion shall be construed or deemed to be an admission of liability or wrongdoing on the part of Sprint. Pursuant to Rule 408 of the Federal Rules of Evidence and the Parties' agreement, this Joint Motion shall not be admissible in evidence in any proceeding; provided, however, that the Joint Motion may be filed and used in this Action or any related litigation as necessary to approve, interpret, or enforce this Joint Motion, or in any subsequent action against or by Sprint to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion, issue preclusion, or similar defense, claim, or counterclaim.

2.    **Dismissal of the Action with Prejudice.**

Pursuant to the terms and conditions of this Joint Motion, the Named Plaintiff and the Opt-in Plaintiffs (hereinafter collectively referred to as "the Settling Plaintiffs") agree that their claims alleged in the Action may and should be dismissed by the Court **WITH PREJUDICE.** Except as otherwise provided in this Joint Motion, all parties will be responsible for their own costs and attorneys' fees.

3.    **Unpaid Wages and Liquidated Damages as Settlement Consideration.**

    a.    In exchange for: (1) dismissal of the Action as described in Section 2 of this Joint Motion; (2) the Named Plaintiff's execution of a settlement agreement in a form acceptable to all parties; and (3) the representations and stipulations of the Named Plaintiff and Plaintiffs' Counsel as set forth in

    this Joint Motion, Sprint agrees to pay or cause to be paid to the Settling Plaintiffs a total aggregate sum of $45,000.00 (the "Settlement Amount") for alleged unpaid wages and liquidated damages plus up to $5,000.00, and in an amount approved by the Court, as a Service Award to the Named-Plaintiff (the "Service Award") to resolve all claims alleged in the Action and related wage claims ("Settled Claims," as defined in Section 4 of this Joint Motion). The Settlement Amount and the Service Awards are exclusive of the Settling Plaintiffs' attorneys' fees and costs.

b.  The parties agree that the Settling Plaintiffs shall be allocated their respective shares of the Settlement Amount on pro rata basis. Specifically, each Settling Plaintiff's share of the Settlement Amount will be the product of the Settlement Amount times the percentage (rounded up or down to the nearest two-digit decimal) of (i) that Settling Plaintiff's number of compensable workweeks within the applicable three year statute of limitations divided by (ii) the total number of compensable workweeks within the three year statute of limitations attributable to all Settling Plaintiffs.

c.  One-half of each individual Settling Plaintiff's allocated share of the Settlement Amount shall constitute W-2 wages ("the W-2 Wages Portion"). All applicable withholding taxes and other amounts required by law will be deducted from the W-2 Wages Portion of the Settlement Amount allocated to each individual Settling Plaintiff, and each Settling Plaintiff will receive

5

    a Form W-2 reflecting payment of the W-2 Wages Portion of the Settlement Amount to each individual Settlement Plaintiff.

  d. One-half of each individual Settling Plaintiff's allocated share of the Settlement Amount shall constitute Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and each Settling Plaintiff shall receive a Form 1099 reflecting payment of the Liquidated Damages Portion of the Settlement Amount to each individual Settling Plaintiff.

  e. The Named Plaintiff's Service Award shall constitute Form 1099 income and the Named Plaintiff shall receive a Form 1099 reflecting payment of the Service Award to each individual receiving such an award.

  f. The Settling Plaintiffs shall be solely responsible for payment of any and all federal, state, and local taxes due on the amounts payable under this Joint Motion. The Settling Plaintiffs will not be eligible for or entitled to claim any further payment, including payment of attorneys' fees, except as otherwise provided for in this Joint Motion. Nothing in this Joint Motion shall be construed as Sprint or Plaintiffs' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Plaintiff's participation in the settlement.

  g. Sprint will make payment of the Settlement Amount to a Qualified Settlement Fund established by a third party claims administrator mutually selected by the parties within thirty (30) calendar days following the latest of: (i) the date of final affirmance on any appeal of the Court's Approval Order; (ii) the date of final dismissal, with prejudice, of the last pending

appeal from the Court's Approval Order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Court's Approval Order

### 4. Reimbursement for Reasonable Attorneys' Fees and Litigation Costs

Pursuant to the terms and conditions of this Joint Motion, and according to the timeframe identified above in section 3(f), Sprint shall pay or cause to be paid by check to Plaintiff's Counsel $150,000.00 as attorneys' fees and expenses, which shall include all expert expenses incurred by Plaintiffs during the course of this litigation as well as the costs of the claims administration process performed by the third party claims administrator mutually selected by the parties. The Attorneys' Fees and Costs Payment will be reported to Vandenack Weaver LLC on an IRS Form 1099. This is the total amount that the Company shall pay in attorneys' fees and costs. The parties have specifically and separately negotiated and agreed to this amount of attorneys' fees and costs at arms' length with this assistance of a neutral mediator. Pursuant to *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027 (8th Cir. 2019), court approval of the parties' agreement pertaining to the attorney fee award is not required.

### 5. Named-Plaintiff's Full Release of Claims.

As a material inducement to Sprint to enter into this Joint Motion, and in consideration of Sprint's promise to make the payments set forth in Section 3 and 4 of this Joint Motion, including the Service Award to Named Plaintiff, Named Plaintiff, on behalf of himself and his heirs and assigns, hereby forever releases and discharges, through the date of execution of his respective release, the Released Parties from any and all claims, obligations, causes of action, actions, losses, expenses, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to the date that the Court enters the

Approval Order, including but not limited to those claims which: (a) were pled in the Action at any time; and/or (b) could have been pled in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of overtime wages, (ii) alleged failure to pay any type of minimum wages, (iii) alleged failure to pay any type of otherwise earned wages (including straight time wages, bonuses, commissions, incentive payments, etc.), (iv) any other alleged federal wage-and-hour violation, (v) any other alleged state wage-and-hour violation; (vi) alleged discrimination, retaliation, harassment, or wrongful discharge, and (v) any statutory, constitutional, regulatory, contractual or common law employment-related claims for wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, attorneys' fees and expenses, litigation costs, restitution, and equitable relief ("Named Plaintiff's Released Claims").

      6.    **Settling Plaintiffs' Waiver and Release of Claims.**

As a material inducement to Sprint to enter into this Joint Motion, and in consideration of Sprint's promise to make the payments set forth in Section 3 and 4 of this Joint Motion, the Settling Plaintiffs will each release Sprint Corporation and Sprint/United Management Company and all of their parent organizations, holding companies, predecessors, insurers, contractors, divisions, affiliates, related companies and joint ventures, business units, subsidiaries, and successors, and their current or former officers, directors, employees, and legal counsel (collectively, the "Released Parties") from all claims asserted in the Action, including all wage and hour claims arising under the federal Fair Labor Standards Act, all claims arising out of any other state wage, minimum wage or overtime laws arising out of or related to any factual or legal theory that was alleged or that could have been alleged in the Action related to allegedly unpaid wages, and all

derivative claims relating to unpaid wages, minimum wage and overtime compensation, up to and including the date of each Settling Plaintiff's negotiation of his or her Settlement Check, including all claims for liquidated, punitive, or penalty damages, interest, and attorneys' fees and costs (the "Released Claims").

ACCORDINGLY, based upon the recitals, stipulations, and agreements contained within this Joint Motion, the parties, Sprint, the Named Plaintiff, and the Opt-in Plaintiffs, jointly request that the Court enter an Order:

1. APPROVING the terms of the parties' resolution of the Settling Plaintiffs' claims for unpaid wages and liquidated damages as a fair and reasonable resolution of a bona fide dispute regarding unpaid wages under the FLSA;

2. DISMISSING the claims asserted in the Complaint WITH PREJUDICE; and

3. ORDERING the ENTRY OF JUDGMENT.

Dated: November 19, 2020 Respectfully submitted,

    *s/ John H. Lassetter*
John H. Lassetter (MN Bar No. 0389009)
(admitted *pro hac vice*)
jlassetter@littler.com
Alice D. Kirkland (MN Bar No. 0396554)
(admitted *pro hac vice*)
akirkland@littler.com
LITTLER MENDELSON P.C.
1300 IDS Center
80 South 8th Street
Minneapolis, MN 55402.2136
Phone: 612.630.1000
Fax: 612.630.9626

ATTORNEYS FOR DEFENDANTS
SPRINT CORPORATION AND
SPRINT/UNITED MANAGEMENT
COMPANY

Dated: November 19, 2020

    *s/ Matthew G. Dunning*
William B. Zastera (NE #14658)
wzastera@vwattys.com
Matthew G. Dunning (#20057)
mdunning@vwattys.com
VANDENACK WEAVER LLC
17007 Marcy Street, Suite 3
Omaha, NE 68118
Phone: 402.504.1300
Fax: 402.504.1935

ATTORNEYS FOR PLAINTIFFS

4835-5486-6639.1 099449.1001