IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAKOTA OLIPHANT, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT CORPORATION, a Kansas Corporation, and SPRINT/UNITED MANAGEMENT COMPANY, a Kansas Corporation,<br><br>Defendants. | 8:18-CV-353<br><br><br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on the parties' renewed Joint Motion for Approval of Settlement, Dismissal of Claims with Prejudice, and Entry of Judgment (filing 125). The Court will grant the renewed motion.

    As explained more fully in the Court's previous memorandum and order (filing 124), the claims in this Fair Labor Standards Act (FLSA) case may be compromised only if the Court finds that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017); *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013); *cf. Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). But previously, the Court found the record insufficient to approve the settlement: specifically, the Court required more from the parties regarding "the potential value of the plaintiffs' claims, the relative strengths and weaknesses of the parties' arguments, the basis for releasing non-FLSA claims in this collective

action, and the course of negotiations resulting in the amounts allocated by the settlement to the plaintiffs and to their attorneys." Filing 124 at 7.

The parties have now provided more. *See* filing 125. In particular, the parties have explained the basis for the defendant's resistance to the plaintiffs' claims, filing 125 at 10-11, permitting the Court to conclude that the settlement addresses a bona fide dispute, *see Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008). The parties have also articulated the extent of discovery that has taken place, the complexity of the litigation, and the arms-length negotiating process that resulted in the settlement, filing 126 at 13-19, permitting the Court to evaluate and approve the fairness and equity of the settlement, *see e.g.*, *Stainbrook*, 239 F. Supp. 3d at 1126. The parties have demonstrated that attorney's fees were specifically and separately negotiated, meaning that the Court need not evaluate the attorney's fee award. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). And finally, the parties have agreed to modify the settlement agreement with respect to the scope of the release, filing 125 at 10, resolving the concerns about notice that the Court previously raised, filing 124 at 5-7.

In sum, the parties have adequately addressed the Court's concerns about the settlement agreement, and the Court can now approve it.

IT IS ORDERED:

1. The parties' Joint Motion for Approval of Settlement, Dismissal of Claims with Prejudice, and Entry of Judgment (filing 125) is granted.

2. Pursuant to the parties' agreement, Section 5 of the Settlement Agreement shall be modified to reflect:

> Each Settling Plaintiff agrees on behalf of himself or herself, and his or her heirs, executors, administrators, successors and assigns to release, and hereby releases, to the fullest extent permitted by law, Sprint and each of the Released Parties from all claims arising under the federal Fair Labor Standards Act that were asserted in this Action or that could have been alleged in the Action up to and including the date of each Settling Plaintiff's negotiation of his or her Settlement Check (the "Released Claims").

3. As modified, the Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions.

4. The Court specifically approves the proposed allocation and calculation of payments for the named plaintiff and opt-in plaintiffs, and the service award for the named plaintiff, and orders that the service payment be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

5. The plaintiffs' complaint—including the claims of the named plaintiff and each of the opt-in plaintiffs who have not withdrawn their consent to participate in this action—is dismissed with prejudice.

> Each Settling Plaintiff agrees on behalf of himself or herself, and his or her heirs, executors, administrators, successors and assigns to release, and hereby releases, to the fullest extent permitted by law, Sprint and each of the Released Parties from all claims arising under the federal Fair Labor Standards Act that were asserted in this Action or that could have been alleged in the Action up to and including the date of each Settling Plaintiff's negotiation of his or her Settlement Check (the "Released Claims").

3. As modified, the Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions.

4. The Court specifically approves the proposed allocation and calculation of payments for the named plaintiff and opt-in plaintiffs, and the service award for the named plaintiff, and orders that the service payment be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement.

5. The plaintiffs' complaint—including the claims of the named plaintiff and each of the opt-in plaintiffs who have not withdrawn their consent to participate in this action—is dismissed with prejudice.

6. The Court retains jurisdiction over this action to enforce the terms of the settlement, including the distribution process.

7. This case is closed.

8. A separate judgment will be entered.

Dated this 19th day of March, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge